**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE SIMEON CHICAS, | No. 10-70434 |
| Petitioner, | Agency No. A076-854-008 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Jose Simeon Chicas, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT").  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).  We deny the petition for review.

Substantial evidence supports the BIA's determination that Chicas failed to establish he suffered past persecution.  *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (threats did not compel finding of past persecution where the petitioner never had a personal confrontation with the people threatening him).  Substantial evidence also supports the BIA's determination that Chicas failed to establish his fear of future harm from a criminal who Chicas shot is on account of a protected ground.  *See Grava v. INS*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000) ("[p]urely personal retribution" is not persecution on account of a protected ground).  In light of this conclusion, we need not reach the BIA's findings regarding Chicas's proposed social group.  Thus, Chicas's asylum claim fails.

Because Chicas did not meet the lower burden of proof for asylum, his withholding of removal claim necessarily fails.  *See Zehatye*, 453 F.3d at 1190.

Further, substantial evidence supports the BIA's denial of CAT relief because Chicas failed to demonstrate it is more likely than not he would be tortured

10-70434

by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Chicas's due process contentions that the BIA erred and/or failed to evaluate his arguments. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**